**FILED**

SEP 2 0 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## CIVIL ACTION DIVISION

Rafael Daniel De La Cruz-Jimenez®
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania

Rafael Daniel De La Cruz-Jimenez®          :
                                            :
                          Plaintiff,        :
                                            :
                                            :     Case: 1:07-cv-01654
VS.                                         :     Assigned To : Unassigned
                                            :     Assign. Date : 9/20/2007
D.C./FEDERAL BUREAU OF PRISONS              :     Description: Pro Se General Civil
In Lieu of: Warden, Ronnie Holt &           :
Cameron Lindsay.                            :
For Canaan/CCA-UPS                          :
Stephen Wagner, Unit Manager               :
DeRoberto, Case Manager                     :
Ms. Koehn, Case Manager                     :
John MacDonald, Counselor                   :
320 First Street, N.W.                      :
Washington, D.C. 20001                      :
                                            :
                          Defendants.       :

THIS IS A DIVERSE CITIZENSHIP CIVIL ACTION COMPLAINT
UNDER 42 U.S.C.- 1983

## -COMPLAINT-

On and about **July 13, 2007,** I file numerous Administrations Remedies in this

matter at hand. The responses I received was not resolved, I have exhausted all my

Remedies in getting a response of fairness so, to day this **Civil Action Complaint**

goes into Details, I, Rafael Daniel De La Cruz-Jimenez®, Sui juris in Propria

**RECEIVED**

AUG 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Persona, in capacity of A De Jure Citizen of Dominican Republic for issuance of **Civil Action and Writ of Mandamus to Compel the afore-named Defendants Ronnies Holt, Warden, Cameron Lindsay, Stephen Wagner, DeRoberto, Koehn, MacDonald.**

There in after the Defendants to perform his clear, Mandatory and ministerial Duty owed Aggrieved Party in sastifaction of His Fifth Amendment Right to Due process of Law and Equal Protection. My Constitutional Rights has been taken lightly of my Rights and Deprived any Relief to have this matter deport me to Dominican Republic.

In reference to Deprivation and Descrimination of Character by Federal Bureau of Prisons Employers and Employees who have not yet conveyed to resolve these serious issues.

**FACTS**

I, Plaintiff Rafael Daniel De La Cruz-Jimenez®, has ask for these Defendants of Federal Bureau of Prisons., to see under laws and provisions that I should be given the opportunity in which theirs no **Detainer on me to extent to hold me here** when I can be deported. It is a fact that I am not an American Citizen nor have any reason to stay in this country. For further facts, there is no adequate means of enforcing his Constitutional Rights to **Seller,** relief where the Respondent is in capacity of private Contractor in service of Executive Branch of Government who routinely ignored Constitutional Due Process for Detainer where Enforcement of same is Incumbent upon Executive Branch Agents but not private Constractors; and as is here, refuses to obey the Due Process Requirements of **Seller;** Supra, to Civil Suit and Complaint: Maintain [**USP Canaan/CCA-Federal Detainers Records with such accuracy, Relevance, Timeliness, and Completeness as is Reasonably necessary to Assure Fairness to individual, "Ibid", at 959 F2d. 312.**

2



The Privacy Act that requires each Agency of the federal government to maintain accurate records for fairness to those in custody to the agency, and as Respondent is in **"A Fiduciary Relationship"** that He is in **"Contractual Dealings"** with the **"Executive Branch of Federal government"**, He is in fact a federal agency hence plaintiff has a clear and indisputable **"Right to Civil Action and Mandamus to issue in enforcing the Privacy Act.** Hanes v. Liggett Group, 975 F. 2D 81, (3rd Cir. 1992).

<u>RELIEF</u>

**(Plaintiff)**

I, Rafael Daniel De La Cruz-Jimenez®, am filing this Civil Complaint for the invasion of my rights of having a private and nominal request without someone depriving me this right and discriminate against my character recklessly.
I am filing for Inaccurate  information in which the six defendants named in this matter which caused me this escalate against me wrongfully and other parties who caused the typed of dilemma, which I named in this Civil Complaint.

**(Relief Action)**

**REQUEST**

I, Rafael Daniel De La Cruz-Jimenez®, (Plaintiff),

(1) Seek from this honorable Court relief to have a Court appointed attorney Pro Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation and who caused these allegations of deception and discrimination.
(3) I wish to set a trial by jury and ask this honorable Court to have each Defenndants that is responsible to reveal the reason for there denying me my home right so they can stand trial for this type of deprivation issue, slander and discrimination as well as degrading me while here and incarcerated.
(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Rafael Daniel De La Cruz-Jimenez®, whose whole life was dishonored and displaced punitively, monetarily, emotionally equitably. I am asking in finding by this Court an amount of $1,250,000.00 Dollars (One Million Two hundred Fifty Thousand Dollars) from each of these Multi-Defendants named in this claim (under Civil Rights Act 42 U.S.C. § 1983).

July 30, 2007
_____
Date

Signed _____
under ruc c1.308 all Right Reserved without prejudice

3

I.     SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.     PREVIOUS LAWSUITS

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?          Yes ( )          No (X)

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment?          Yes ( )          No (X)

C.     If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.     Parties to this previous lawsuit.

        Plaintiffs: _____0_____

        Defendants: _____0_____

    2.     Court (If federal court, please name the district; if state court name the county.)
        _____0_____

    3.     Docket number: _____0_____

    4.     Name of judge to whom case was assigned: _____0_____

    5.     Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
        _____0_____

    6.     Approximate date of filing lawsuit: _____0_____

    7.     Approximate date of disposition: _____0_____

4     

III.   **PLACE OF CONFINEMENT**

P.O. Box [300]
_____

Waymart, near[18472] Pennsylvania
_____

A.   Is there a prisoner grievance procedure in this institution?  Yes(X)    NO( )
If your answer is Yes, go to Question III B. If your answer is No, skip
Questions, C and D go to Question III E.

B.   Did You present the facts relating to your complaint in the prisoner grievance
procedure?                Yes (X)      No( )

C.   If your answer is Yes to Question III B:

1.   To Whom and when did you complaint? In this matter I filed grievance in
September 01, 2006.

2.   Did you complaint in writing?. (Furnish copy of the complaint you made,
if you have one.)    Yes(X)      No(X)

3.   What, if any, response did you receive? (Furnish copy of response, if in
writing.) They denied me and they did not resulted the issue.

4.   What happened as a result of your complaint? Denied my request

D.   If your answer is No to Question III B, expalin why not. My Question is Yes

E.   If there is no prison grievance procedure in the institution, did you complain
to prison authorities?     Yes(X)      No( )

F.   If your answer is Yes to Question III E;

1. To whom and when did you complain? The USP Canaan-Wardens, Ronnies Holt, and
Cameron Lindsay, and Unit Team Staff.

2. Did you complain in writing? (Furnish copy of the complaint you made, if in
writing.)        Yes (X)      No ( )

3. What if any response did you receive? (Furnish copy of response, if in writing.)
Only Verbal response, Hwoever, denied any relief.

4. What happened as a result of your complain? I was denied and relief and I am
filing a lawsuit and in D.C. District Court.

5 

IV    **PARTIES**

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Rafael Daniel De La Cruz-Jimenez®
       Address: P.O. Box [300], Waymart, near [18472] Pennsylvania


In item B below, place the full name of the defendants(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and address in the fourth blank, Do the same for additional defendants, if any.

B.    Defendant: FEDERAL BUREAU OF PRISONS (HQ) Director
       Address: 320 First Street, N.W., Washington, D.C. 20001

       Defendant: Warden, Ronnies Holt
       Address: USP Canaan/CCA, P.O. Box 400, Waymart, Pennsylvania 18472

       Defendant: Warden, Cameron Lindsay-relocated
       Address: 320 First Street, N.W., Washington, D.C. 20001

       Defendant: Unit Manager, Stephen Wagner
       Address: USP Canaan/CCA, P.O. Box 400 Waymart, Pennsylvania 18472

       Defendant: Case Manager, DeRoberto
       Address: USP Canaan/CCA, P.O. Box 400, Waymart, Pennsylvania 18472

       Defendant: Case Manager, Koehn
       Address: USP Canaan/CCA, P.O. Box 400, Waymart, Pennsylvania 18472

       Defendant: Counselor, John MacDonald
       Address: USP Canaan/CCA, P.O. Box 400, Waymart, Pennsylvania 18472

V.                    STATEMENT AND CLAIMS

                          GROUNDS

1. Plaintiff is an immigrant lawfully allowed in the United States
pursuant a visa stamp. He is currently under suretyship to a federal
judgment initiated and imposed by the Executive Branch of the Federal
Government through a summary seizure and trial pursuant preemptive
Federal Jurisdiction over state crimes punisheble under original pro-
secution by United States of America.

2. On or about **October 18, 2003**, Plaintiff in satisfaction of the
aforesaid 360 months judgment was tranfer to USP Canaan/CCA; at initial
term review was informed their records showed a detainer had been lodge
against him. As a result he was classified as unable for any lesser
security or certain undisclosed programs until said detainer is lifted.

3. For almost a year the Plaintiff verbally requested, and said Team
repeatedly denied, service of the detainer for purpose of testing it
in a count of law; and On **September 01, 2006**, Plaintiff formally reque-
sted service of the detainer in writing, **to wit**: "**Entreaty for Produ-
ction of INS Detainer Served to Rafael Daniel De La Cruz-Jimenez®**".
A copy of said "Entreaty" is attached hereto as **Exhibit A**, and incor-
porated herein fully by reference.



4. The response Team Menber, Case Manager DeRoberto wrote:

> "Currently a detainer is lodged against
> you by the Bureau of Immigration & Cus-
> toms Enforcement (ICE). As policy dict-
> ates, near the end of your sentence,
> you will have hearing.

A copy of his response is attached as **Exhibit B,** and incorporated herein fully by reference.

5. As result on **December 18, 2006,** I filed for record with ICE Agent P. Garcia, initiator of said detainer, in **Writ of Inquiry in the** nature of Quo Warranto for determination of whether ICE detainer issued as letter of interest against ens legis RAFAEL DANIEL DE LA CRUZ JIMENEZ® or demand made by ICE upon detainer warrant that claim the lawful right to take natural person Rafael Daniel De La Cruz-Jimenez®, sui Juris, Secured Party, into custody in the future and ask Respondent to hold a Plaintiff for that purpose. A copy of the inquiry Nature of detainer is attached hereto as **Exhibit C,** and incorporated herein fully by reference.

6. Agent P. Garcia neglected or refused to perfom pursuant Plaintiff demand for Proof of the Record; **Notice of Fault and Opportunity to Cure,** issued thereafter to thereafter said ICE Agent via certified mail a copy of notice attached hereto as **Exhibit D,** and incorporated herein fully by reference.

7. ICE Agent P. Garcia neglected or refused to perform pursuant the Opportunity to Cure; whereas. **Notice of Default and Assent, demand, and Notice of ESTOPPEL,** issued via certified mail. A copy of notice of Default attached hereto as **Exhibit E,** and incorporated herein by reference.

8. Refused by all interest party for disclosure of an accountting of

8



the detainer and/or service of the detainer, Planyiff filed a **Proof of Claim** to Warden Cameron Lindsay, to demostrate the authority under which he denys my right to accessible Court by withholding service of INS detainer while providing only a copy of "Notice of Action". A copy of **Proof of Claim** is attached hereto as <u>Exhibit F</u>, In response date **March 19, 2007,** Warden Camero Lindsay answered as follow:

> "A copy of the Immigration Detainer_Notice of Action was provided to you by your Case Manager. The detainer was lodge on August 7, 2002 by ICE".

A copy of the letter from Cameron Lindsay, Warden is incorporated <u>Exhibit F.1</u> herein fully by reference; see also, Warden Holt's Letter, <u>Exhibit F.2</u>.

9. Having been informed that <u>Exhibit B</u>, is service of detainer, this Writ of Mandamus followed.

---

_July 30, 2007_
**Date**

_Rafael Daniel De la Cruz Jimenez ©_
**Signed**

## POINTS AND AUTHORITIES

I. **When INS detainer may be issued:**

It is provided by federal statute that in the case of an alien arrested by a federal, state, or local law enforcement official for a violation of any law relating to controlled substances, if the official, or another official: (1) has reason to believe that the alien may not lawfully present in the United States; (2) expeditiously informs an appropriate officer or employee of the INS authorized and designated by the Attorney General of the arrest and of facts concerning the status of the alien; and (3) request the INS to determine promptly whether or not to issue a detainer to detain the alien, the immigration officer or emplyee will promptly determine whether or not to issue such a detainer. [8 U.S.C.A. § 1357(d)].

II. **Who may issue detainer.**

was not applicable where an alien was incarcerated on a federal conviction unrelated to alien status and thus was not in INS custody, rendering habeas corpus relief inappropriate. [8 U.S.C.A. § 1252(a).].

The following officers are authorized to issue detainers: (1) border patrol agents, including aircraft pilots; (2) special agents; (3) deportation officers; (4) immigration inspectors; (5) adjudications officers; (6) immigration enforcement agents; (7) supervisory and managerial personnel who responsible for supervising the activities of

10

Rafael Cruz Jimenez ©
July 30, 2007

those officers listed above; and (8) immigration officers who need

the authority to issue detainer under 8 U.S.C.A. § 1357(d)(3) in

order to effectivety accomplish their individual missions and who

are designated individually or as a class, by the appropriate

authorities. [8 C.F.R. § 287.7(c).]

### III. An Immigration Detainer-Notice of Action ("IDNA") is not an INS Detainer but a notice from one Federal Agency to another Federal Agency.

A prisoner under INS detainer was not in custody of the INS for

habeas corpus purposes. Although the lodging of an INS detainer aga-

inst an alien serving a criminal sentence automatically rendered the

alien ineligible for a work release program under state law, an IDNA

detainer however, does not violate the alien's due process, since

this type of detainer expressly states that it is **for notification**

**purposes only and did not limit state authorities**' discretion regar-

ding the alien offender. The INS's filing of an IDNA detainer with

the Bureau of Prisons could not adversely affect an immate's ability

to move to a less secure facility or to take advantage of other pri-

son programs because the relevant provisions of the IDNA detainer

did not restrict the discretion of prison officials respect to secu-

rity classifications and related matters. [Limas v. McNarry, 799 F.

Supp. 1259 (D. Mass. 19920).] [Prieto v. Gluch, 913 F.2d 1159 (6th

Cir. 1990).] [Santana v. Chandler, 961 F.2d 514 (5th Cir. 1992).]

Accordingly then, it is clear the"Immigration Detainer-Notice of

Action" rergarding Plantiff herein, which Repondent readialy admits,

notice him that an"Investigation has been initiated to determine

whether this person is subject to deportation,"  and that the Warden

should "accept this notice as detainer" for its stated purpose
(See **Exhibit F**). How then can Respondent not know or should know
that a detainer with force only <u>for notification purposes only</u>
<u>and does not limit your discretion in any decision</u> affecting offe-
nder's classification, work and quarters assigments, or other tre-
atment which he would otherwise receive". (emphasis added). Said
detainer also requested, inter alia, that the Warden notify the INS
"of the time of [Petitioner's] release at least 30 days prior to
release or as far in advance as possible" and of any "transfer to
another Institution", which, under limited circumstance, requires a
"criminal justice agency" to maintain custody of an alien subject
to detainer for a period "not to exceed 48 hours... to permit assu-
mption of custody by the [INS].] cf. **Fernandez v. U.S. Attorney**
**Gen.**, 1994 U.S.Dist. LEXIS 10836 at n.2. This type of notice is
clearly <u>not</u> the type of detainer initiating a take custody request
from Immigration.

Respondent's interpretation of IDNA is a deliberate Unconstitutional
misapplication of the force of a lawful detainer. "A detainer is a
request filed by a criminal justice agency with the Institution"in
in which "a prisoner is Incarcerated asking the Institution either to
hold the prisoner for the gency or to notify the agency when rele-
ase of the prisoner is imminent". **Carchman v. Nash**, 473 U.S., 716,
719, 87 F.Ed. 3d 516, 103 S.Ct. 3401 (1983). As is well setted within
the USDC's numreous ruling make clear that the IDNA is of the latter
character, **Gillies v. Strange**, 2005 U.S.Dist LEXIS 33521, December
6, 2005. ("IDNA") indicates that its purpose is to require the

12

[Institution] to provide BICE with notice before releasing a prisoner subject to an immigration detainer "quoting Government's Response to **Order to Show Cause**"); **Kendall v. INS**, 261 F. Supp. 2d 296. April 29, 2003. ("The detainer stated that it is for **Notification purposes only and does not limit your discrection in any decision affecting the offender classification**"') (emphasis in original) **LEPEZ-MEJIA v. United States INS**, 798 F. Supp. 625, July 29, 1992. ("That 'Detainer' stated that it was for notification purposes only, and requested that the INS be notified at least 30 days before...release incarceration.). Thus, beyond it is setted, the IDNA is not a detainer against me but a notice bewteen agencies.

## CERTIFICATE OF SERVICE

I, hereby Plaintiff; Rafael Daniel De La Cruz-Jimenez®, sui Juris, in propria persona Secured Party, in capacity of a de jure Citizen of Dominican Republic for the issuance of Civil Action in Lieu of Writ of Mandamus to Compel the aforenamed Defendants, Federal Bureau Prisons, Chief/Director USP Canaan/CCA, Warden Ronnie Holt, Cameron Lindsay and Unit Team Staff Defendants. I do certify under the penalty of perjury was mailed as cetified and return receipt via Postage Prepaid on __30__ day __July__ ,2007. to address:

United States District Court
for the District of Columbia
Clerk's Office (N. M. W.)
Attn: Mrs. L.Scott
333 Constitution Ave. N.W.
Washington, D.C. 20001

Respectfully Submitted,

Rafael Daniel De La Cruz-Jimenez®
Secured Party/Creditor   under ucc/.30x All Reserved with prejudice

13

Exhibit A

Rafael Daniel De La  Cruz-Jimenez
Secured Party/Creditor
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Reg. No. [56269-004]
U.S.P. CANAAN
P.O. BOX 300
WAYMART , PA [18472]

September 01, 2006

In Special Visitation
propria personam


Re:  **Entreaty  For Production of INS Detainer Served To**
     **Rafael Daniel De La Cruz-Jimenez**


To:  All Team Members of  UNIT CLASSIFICATION TEAM For September
     01th, 2006, USP CANAAN.

     Your Undersigned Writer is the Secured Party / Creditor i-
dentified above and act in behalf of the  transmitting untility
and federal entity: RAFAEL DANIEL DE LA CRUZ JIMENEZ® Reg. No.
[56269-004].  I submitt this entreat in the nature of Letter Ro-
gatory  in exercise of my sovereign right to due process and to
be free from self-incrimination; for purpose of securing the cor-
responding duty for the procuction of any INS Detainer said Team
claim has been served  upon in personam.  Or, in the alternative
removed any reference of any INS Detainer as a means of adversely
affecting my status determination as requested in the attached
[INMATE REQUEST TO STAFF] form.  See: [INMATE REQUEST TO STAFF]
annexed hereto as Exhibit A and incorporated herein by reference.


     Please take notice of the following authority:

     Federal statue provides that in the case of an alien arrested
by a federal enforcement official for a violation of any law re-
lating to controlled substances the filing of an INS detainer with
a federal prison which negatively affected alien prisoners' securi-
ty level and thus the conditions of custody, did not violate **FILED**

07 1654

process U.S.C.A. § 1252(a); also: 8 U.S.C.A. §1357(d).  In that a alien under INS detainer is not under custody of the INS for habeas corpus purposes and it does not violate the alien's right to due process since the detainer expressly state that it is for **"notification"** purposes only and did not limit federal authorities discretion regarding the alien offender. **Paulino v. Connery,** 766 F. Supp. 209 (S. D.N.Y. 1991).

The INS's filing a detainer with the Bureau of Prisons could not adversely affect  an alien's ability to move to a lesser secure facility or to take advantage of other prison programs because the relevant provisons of the INS did not restrict the discretion of prison  officials with respect to security classifications and related  matters. **Limas v McNary,** 799 F. Supp. 1259 (D.Mass 1992).

It is provided by federal regulation that in order to issue a detainer, serving notice to appear or taking custody of an alien, the federal institutions requesting such action must provide the documentary records and information that confirms the alien's status in the United States or that may have an impact on conditions of release.  8 C.F.R. § 287.7(c).

Respectfully  submitted,

Rafael Daniel De La Cruz Jimenez®

oct 25, 2006

Date: _OCt 25, 2006_

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| DeRoberto (Case Manager) | 11-09-06 |
| FROM: Rafael Daniel De La Cruz-Jimenez | REGISTER NO.: |
| In behalf of: DE LA CRUZ JIMENEZ | [56269-004] |
| WORK ASSIGNMENT: Ordely | UNIT: C-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

**See Attached!**

(Do not write below this line)

DISPOSITION:

Currently, a detainer is lodged against you by the Bureau of Immigration + Customs Enforcement (ICE). As policy dictates, near the end of your sentence you will have a hearing

| Signature Staff Member | Date | 07 1654 | **FILED** |
|---|---|---|---|

SEP 2 0 200
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Rafael Daniel De La Cruz-Jimenez
Secured Party/Creditor
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Reg. No. [56269-004]
U.S.P. CANAAN
P.O. BOX 300
WAYMART, PA 18472


In Special Visitation
Propria Persona


Re:   Letter of Rogatory on INS Detainer to
      Rafael Daniel De La Cruz-Jimenez
      _____

To:   All Team Members of UNIT CLASSIFICATION TEAM for September
      1th, 2006, USP CANAAN.


      I notice that your record reflect that I have a Detainer pe-
nding against me, under the IAD Act I am entitled to a speedy di-
sposition. Under : Sellers v. Bureau of prison's. Your record is
not acurate on my detainer.
I request that you removed this detainer because it effect my Se-
curity Custody Classification, and this is not a Detainer; it is
a "Notice of Action".


                              Sincerely,

                              Rafael Daniel De La Cruz Jimenez      oct 25, 2006
                              Rafael Daniel De La Cruz Jimenez
                              Secured Party/Creditor.

cc: file

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

FLORIDA SECURED TRANSACTION REGISTRY

## FILED

**2006 Jun 05 AM 12:00**

**\*\*\*\* 200602808233 \*\*\*\***

**\*\*\*C \* 05170674649001-40.00\*\*\*31.00\*\*\***

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**

**B. SEND ACKNOWLEDGEMENT TO:**

Name: Rafael Daniel De La Cruz Jimenez

Address: In care of: Post Office Box [300]

Address: Waymart, near [18472] Pennsylvania

City/State/Zip: USMS #: [56269-004] \*\*\*LEGAL MAIL\*\*\*

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

---

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| RAFAEL DANIEL DE LA CRUZ JIMENEZ, ORGANIZATION/TRADE-NAME/TRADE-MARK-DEBTOR | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 508 WEST, 171 STREET APT. 14 | MANHATTAN | NY | 10032 | USA |

| 1d. TAX ID# | 1e. REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID# |
|---|---|---|---|---|
| | | ENS LEGIS/LLC | INTERNATIONAL | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| GABRIEL DE LA CRUZ HERRERA, ORGANIZATION/TRADE-NAME/TRADE-MARK/DEBTOR | | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 508 WEST, 171 STREET APT. 14 | MANHATTAN | NY | 10032 | USA |

| 2d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID# |
|---|---|---|---|---|
| | | ENS LEGIS/LLC | INTERNATIONAL | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY NAME (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| De La Cruz | Rafael | Daniel | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| Non-assumpsit/TDC In care of:[508] West, [171] Street, Apt. [14] | Manhattan | NY | Near [10032] | uSA |

**4. This FINANCING STATEMENT covers the following collateral:**

This is Actual and Constructive Notice that all of the Debtors' interest now held or hereafter acquired is hereby accepted for securing contractual obligation(s) in favor of the Secured Party as detailed in a true, correct, complete, notarized Security Agreement(s) annexed: JDC-041069-SA, JDC-041069-SA-0001, AND JDC-041069-SA-0002 in the possession of the Secured Party. NOTICE: In accordance with various UCC Sections- This is the entry of the Debtor in the Commercial Registry as a "Transmitting Utility" and the following property is hereby registered in the same as lawful public notice of commercial transaction: Certificate of Birth; Debtors' Social Security Number from SSA-3000 application(s), Debtors' Driver License(s); Debtors' Passport(s); Trade-name/Trade-mark; DANIEL DE LA CRUZ HERRERAO, SOCIAL SECURITY NUMBER; enclosed in Security Agreement Number JDC-041069-0001) and any and all derivatives and variations in the spelling thereof, UCC Contract Trust Account Number (Pending) Trade-name/Trade-mark; GABRIEL DE LA CRUZ HERRERAO, SOCIAL SECURITY NUMBER, enclosed in Security Agreement Number JDC-041069-SA), and any and all derivatives and variations in the spelling thereof, UCC Contract Trust Account Number (Pending) Trade-name/Trade-mark: RAFAEL DANIEL DE LA CRUZO, SOCIAL SECURITY NUMBER; enclosed in Security Agreement Number (Pending): Trade-name/Trade-mark; RAFAEL DANIEL DE LA CRUZO, SOCIAL SECURITY NUMBER; enclosed in Security Agreement (Pending): UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF FLORIDA/ JUDGEMENT IN CRIMINAL CASE(s) NUMBER07-50176-CR-WPD 05-60392-CV-WPD; All debentures, indentures, savings & checking accounts, pledges, Nunc Pro Tunc; All Property is "Accepted For Value", Nunc Pro Tunc; and is Exempt from Levy. Adjustment of this filing is from Public Policy HJR-192 Public Law § 73-10, and UCC §§§ 1-1-3, 1-104 and 10-104. Secured Party Accepts Debtors' Signature, to include all endorsements, facsimiles, copyrights, printed, typed or photocopies of "RECORD OWNER'S NAME AND TITLE." RECORD OWNER IS NOT GUARANTOR TO ANY OTHER ACCOUNT, BY EXPLICIT RESERVATION OF ALL RIGHTS, WITHOUT PREJUDICE, UCC § 1-207. TOTAL VALUE OF INSTRUMENTS: $3,000,000.00 (THREE MILLION US DOLLARS). TOTAL VALUE OF COLLATERAL IN SECURITY AGREEMENT(s): $100,000,000,000.00 (One Billion US Dollars).

**ALTERNATE DESIGNATION (if applicable)**  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ AG. LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

**Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX**

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☒ Florida Documentary Stamp Tax is not required.

**OPTIONAL FILER REFERENCE DATA**

Secured Party

STANDARD FORM - FORM UCC-1 (REV.12/2001)          Filing Office Copy          Approved by the Secretary of State, State of Florida

U.S. Department of Justice
Federal Bureau of Prisons

Number  068-93  (5820)

Date  March 15, 1993.

Subject  Maintenance of Inmate Files

# Operations Memorandum

Cancellation Date  March 15, 1994

1. **PURPOSE.** The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2. **BACKGROUND.** In _Sellers v. Bureau of Prisons_, 959 F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified. The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages. The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." _Sellers_ at 312. The _Sellers_ court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed. If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

_EXHIBIT A_

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the **Sellers** case will affect all of our institutions. A final determination has not yet been made in **Sellers** regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3.    **ACTION.** Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like **Sellers** where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.

Patrick R. Kane
Assistant Director
Correctional Programs
Division

Wallace H. Cheney
Assistant Director
Office of General Counsel

U. S. Department of Justice
Immigration and Naturalization Serv.

**Immigration Detainer – Notice of Action**

| | |
|---|---|
| File No: | A - 79 442 849     A-3 |
| Date: | 8/7/2002 |

TO (Name and title of institution)
U. S Customs  + U.S. Marshals
Fax: 7088

From: (INS office address)     56269  004
Krome SPC,
18201 SW 12th Street,
Miami, Florida  33194
(305) 552-1845

**Name of Alien:**     De La Cruz-Jimenez, Rafael Daniel

| Date of Birth: | 4/10/1969 | Nationality: | Dominican | Sex: | Male |
|---|---|---|---|---|---|

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer.   This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (305) 552-1845 during business hours or 305-552-1845 after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.   ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to 954-356-7948
(Area code and facsimile number)

Return fax to the attention of     P. Garcia     at     (954) 356-7790
(Name of INS officer handling case)     (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____     Immigration Inspector
(Signature of INS official)     (Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____     Latest conviction charge: _____
Estimated Release date: _____

Signature and title of official: _____

Form I-247  (Rev.4-1-97) N

---

**W. Foster Sellers, appellant v. Bureau of Prisons, et al., appellees**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**952 F.2d 1423; 1992 U.S. App. LEXIS 266**
**No. 90-5197**
**January 14, 1992, Decided**

---

**Editorial Information: Subsequent History**

Rehearing granted March 27, 1992; Reported at 1992 U.S. App. LEXIS 5659.

Vacated March 27, 1992; Substituted Opinion of March 27, 1992, Reported at 1992 U.S. App. LEXIS 5369.

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Columbia.

**Counsel**    *Julie M. Carpenter* (appointed by the Court) with whom *David W. DeBruin* was on the brief, for amicus curiae urging that the judgment of the District Court be reversed. *W. Foster Sellers, pro se*, also entered an appearance for appellant.
    *William J. Dempster*, Assistant United States Attorney, with whom *Jay B. Stephens*, United States Attorney, *John D. Bates* and *R. Craig Lawrence*, Assistant United States Attorneys were on the brief, for appellees.

**Judges:** Before: Mikva, Chief Judge, Wald and Buckley, Circuit Judges. Opinion for the Court filed by Chief Judge Mikva.

### Opinion

**Opinion by:**    MIKVA

{952 F.2d 1424} Mikva, *Chief Judge*: Appellant, W. Foster Sellers, filed an action under the Privacy Act against the Bureau of Prisons and the Parole Commission claiming that the agencies maintained incorrect information in his inmate files. Contending that the agencies violated sections (e)(5), (g)(1)(C), and (g)(4) of the Act by using the incorrect information in determinations adverse to him, Mr. Sellers sought amendment of his records and money damages. Relying on this Court's decision in *Doe v. United States*, 821 F.2d 694, 701 (D.C. Cir. 1987), the United States District Court for the District of Columbia granted appellees' motion for summary judgment, holding that the agencies satisfied the requirements of the Privacy Act simply by noting in Mr. Sellers's prison records that he disputed the information contained in the records. We reverse the district court and remand for further consideration of Mr. Sellers's claims. The agencies do not meet the Act's requirements by indicating that the appellant disputes the information in his prison files. The agencies and the court below must review *de novo* the allegedly erroneous information contained in Mr. Sellers's files to determine whether it is correct.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

*II. CONCLUSION*

*Mr. Sellers is entitled, under the Privacy Act, to a de novo* review of his records *both* at the Parole Commission and the Bureau of Prisons to determine whether the challenged information is correct. Then, if he can show that the agencies wilfully or intentionally failed to properly maintain their records and, as a result, made determinations adverse to him, he has stated a claim under sections (e)(5), (g)(1)(C), and (g)(4) of the Privacy Act and is entitled to money damages. We reverse, therefore, and remand to the district court for further consideration of Mr. Sellers's claims consistent with this opinion.

*So Ordered.*

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

```
  CAA2I  607.00 *    MALE CUSTODY CLASSIFICATION FORM    *    10-24-2006
PAGE 001 OF 001                                                13:41:34
       REGNO: 56269-004              FORM DATE: 10-24-2006          ORG: CAA
(A) NAME....: DE LA CRUZ-JIMENEZ    RAFAEL
DES FACL/LEV: CAA       /MEDIUM     MGTV: NONE
PUBSFTY: SENT LGTH                  MVED:
(B) DETAINER: (0) NONE              SEVERITY.......: (3) MODERATE
MOS REL.....: 263                   CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.....: (0) NONE              VIOLENCE.......: (0) NONE
VOL SURR....: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV....: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5YR
(C) TIME SERVED.....: (3) 0-25%     PROG PARTICIPAT: (0) POOR
LIVING SKILLS.......: (1) AVERAGE   TYPE DISCIP RPT: (3A) 1 MOD
FREQ DISCIP REPORT..: (2) 1         FAMILY/COMMUN..: (4) GOOD
======================== LEVEL AND CUSTODY SUMMARY  =======================
BASE  CUST  VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
 +5    +13    +1         +5       MEDIUM    N/A              IN       INCREASE
(D) TYPE REVIEW   NEW CUSTODY   APPROVED:____YES /NO  NEXT REVIEW: NO 07
    ___REGULAR       ___MAX
    ___EXCEPTION     ___IN    CHAIRPERSON SIGNATURE...
                     ___OUT   WARDEN/DESIGNEE SIGNATURE:
                     ___COM        FOR EXCEPTION REVIEW:_____
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION: "mnti." custody does not need to be applied - he can be controlled w/ "IN" custody

```
COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
   CAA2I          *         PROGRAM REVIEW REPORT          *      10-24-2006
PAGE 001                                                         16:27:00
```

INSTITUTION: CAA   CANAAN USP

NAME.......: DE LA CRUZ-JIMENEZ, RAFAEL            REG. NO: 56269-004
RESIDENCE..: DEL OSAMA, DR

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _4/07_____

PROJ. RELEASE DATE..: 09-29-2028          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _10/07_      DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N           IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.....: _ICE Detn_____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N).....: _____
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | | CURRENT ASSIGNMENT - - - - - - - - | EFF DATE | TIME |
|----------|---------|------------------------------------|----------|------|
| CMA | IHP PEND (HUD) | IMMIG FUTURE IHP PART DATE | 07-24-2003 | 1832 |
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 08-01-2008 | 0934 |
| CMA | RPP INELIG | RELEASE PREP PGM INELIGIBLE | 03-25-2006 | 1518 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 06-07-2003 | 1327 |
| CUS | IN | IN CUSTODY | 02-20-2003 | 1627 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 06-07-2003 | 1326 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 12-08-2003 | 1011 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-12-2004 | 1228 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 05-05-2004 | 1026 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 03-03-2003 | 1020 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 06-30-2005 | 1705 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 10-20-2005 | 1407 |
| QTR | C04-215L | HOUSE C/RANGE 04/BED 215L | 05-17-2006 | 1338 |
| RLG | PROTESTANT | PROTESTANT | 03-23-2005 | 1357 |
| WRK | C2 ORD PM | C2 UNIT ORDERLY | 05-18-2006 | 0001 |

WORK PERFORMANCE RATING: ____good____

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: __NONE_____

FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $_____

FRP PAYMENTS PAST 6 MO: $_____ OBLIG BALANCE: $_____

CURRENT FRP PLAN: $_____ PAYMENTS COMMENSURATE: YES _____ / NO _____

```
   CAA2I          *         PROGRAM REVIEW REPORT          *      10-24-2006
PAGE 002                                                          16:27:00
```

IF NO, NEW PAYMENT PLAN: _____

_____

_____

RELEASE PREPARATION PARTICIPATION: *ineligible* _____

_____

_____

CCC RECOMMENDATION: *N/A - ICC Detr* _____

PROGRESS MADE SINCE LAST REVIEW: *No ed.c. enrollments* _____

_____

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Recr. in either ACE/*

*parenting/wellness/VT or PSE by 3/25/07* _____

_____

_____

_____

LONG TERM GOALS: _____

*re-enroll ed.c/recr./counseling*

*cont. new by*

*10/07*

```
  CAA2I         *        PROGRAM REVIEW REPORT        *        10-24-2006
PAGE 003 OF 003                                                16:27:00
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

_provided paperwork_

_re: ICE Detn_

SIGNATURES:

UNIT MANAGER _Sgt/ACT DeReal_          INMATE: _Fedol Dehan Jr._
                                        _under 12-07. 4 all Right Reserved_
                                        _without prejudice_

DATE: _10/24/06_          DATE: _10-25-06_

CERTIFIED MAIL# 7003 2260 0005 6520 8712    *Exhibit C*

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

December 18, 2006


**To:** P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194
(305) 552-2845


**Subject:** **Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

Dear ICE Agent Garcia :

In regards to the above stated subject the Undersigned herein, Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, (hereinafter "undersigned") was informed by USP Case Manager, doing business as a Keeper of chattels and goods for others, that one "P. Garcia" ICE Official/Agent lodged an ICE detainer; but, not the nature of same. Therefore the undersigned herewith exercise his sovereign right to remedy at law via the ancient writ of quo warranto; to inquiry as follow:

A) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing by what federal jurisdiciton according to the constitution and laws of the land is the undersigned being held against his will in the UNITED STATES OF AMERICA that gives rise to ICE's legal exercise of the issuance of the above stated detainer?

**07 1654**

B) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto**

**FILED**

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLERK

demand information establishing what is the nature of said detainer: is it a warrant from ICE to hold undersidgned as a natural person convicted of a crime under the Constitution and laws of the United States in accords with due process proceeding including but not limited to, right and madatory clear corresponding duty owed undersign under the **Vienna Convention on Consular Relations**, Apr. 24, 1963, [1970] 21 U. S. T. 77, 100-101, T. I. A. S. No. 6820, to notice and grant access to consulor pursuant to Article 36 without regard to procedural default doctrines; or is it, the detainer, a notice to the Warehouseman?

C) The undersigned herewith to P. Garcia **Inquire in the nature of Quo Warranto** demand information establishing against whom: the **natural person** or *ens legis*, you issued said warrant or notice of detainer; in that the undersigned has been and continues to be held against his will as warehoused surety for corporation fiction person: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**, as defined at **21 USC § § 321(e)** *to wit*: [t]he term "person" includes individual, partnership, corporation, and association, and the undersigned is entitled to the duty of full disclosure of all lilability?

The reasons for this inquiry are as follow.

1. Undersigned entered North America under a lawful visa; he was ex parte seized by unidentified agents under judgment decree of a federal United States District Court of record on August 7, 2002, and is currently detained and compelled under threats, duress, and coercion without his consent and against his will to perform under suretyship to answer for the debt, default, or miscarriage of another, **50 Am J1st Suret §§ 2, 3,** by Warden Lindsay Cameran, doing business as, a Warehousman, **56 Am J1st Wareh § 2,** who receives and stores natural persons seized and stored in warehouses under ex parte judgment of United States District Courts as debt surety, *i.e.,* **1. UCC § 1 -- 201(40),** and chattles **42 Am J1st Prop § 24** (" Property which is movable" ) of others as a business at USP Canaan near [18472] Pennsylvaina.

2. The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security. As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security. The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement (hereinafter "ICE").

3. An ICE detainer: serves to advise another law enforcement agency that the [Immigration and Naturalization] Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible. **8 C.F.R. § 287.7(a)** 2005 U.S. Dist. LEXIS 22646:: **Khaliq v. Brown**::September 29, 2005, Decided

4. In **Vargas v. Swan**, 854 F.2d 1028 (7th Cir. 1988), the Seventh Circuit analyzed circumstances under which an INS detainer satisfies the "in custody" requirement. Vargas, a Mariel Cuban incarcerated by the State of Wisconsin, filed a habeas petition challenging an INS detainer. Id. at 1029. The detainer sought notice of Vargas's pending release date at least 30 days in advance but was accompanied by neither a warrant of arrest nor an order to show cause. Id. at 1030. Declining to "take the detainer label affixed here and rotely match it up with cases labeled detainer cases," the Seventh Circuit considered "the effect of the INS's action and whether it restrain[ed] Vargas to the extent found sufficient to establish custody in other detainer cases." Id. Based on **Braden v. 30th Jud'l Circ. Ct. of Ky.**, 410 U.S. 484, 489 n.2, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973), **Moody v. Daggett**, 429 U.S. 78, 80-81 n.2, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), and **Preiser v. Rodriguez**, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Seventh Circuit concluded that "an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes." Id. at 1032. Because the INS failed to place sufficient evidence in the record to establish the effect of the INS detainer, however, the Seventh Circuit remanded for a determination whether the prison treated the INS detainer as a request for a "hold" or only as a request for notice. Id. at 1033.

5. According to DeRoberto, dba Keeper, "Currently a detainer is lodged against you by the Bureau of Immigration & Customs Enforcement (ICE). As policy dictates, near the end of your sentence you will have a hearing". See: handwritten presentment serving and evidencing ICE detainer from USP Canaan Staff Member DeRoberto annexed hereto as **Exhibit A** and incorporated herein by reference. As evidenced by **Exhibit A, @** page 2, the undersigned sent an entreaty "For Production of INS Detainer Served To Rafael Daniel De La Cruz-Jimenez"; forwhich said DeRoberto failed to respond in according with the specific performance of the Entreaty. As a result his service of P. Garcia's ICE detainer, as presented at **Exhibit A**, is absent any disclosure of the subject of your ICE warrant or purpose that afford the undersigned due process notice and protections from being forcibly held and detained in the United States without his consent.

6. The undersigned has never been notice nor served a bill, complaint, or indictment stating the federal subject matter jurisdiction of the United States District Court to entertain an original action against *natural person* **Rafael Daniel De La Cruz-Jimenez**, sui juris and secured party; a statement of jurisdiction by the UNITED STATES OF AMERICA [*sic*] in its accusation #02-60176-CR-WPD or any other disclosure or due process notice of a federal question, federal right, or any federal cause of action for original jurisdiction of the United States District Court to entertain *ab initio* accusation #02-60176-CR-WPD.

# CAVEAT

P. Garcia in your official capacity as issuing ICE Official originating the aforegoing "detainer" as evidenced by USP Canaan's keepers at **Exhibit A** your oath of office, duty under the Constitution and laws of the United States, and superior knowledge of the Constitution, treaties, and laws of the United States require you provide the undersigned such due process determination of the nature of your instrument, "detainer", to lawfully provide notice to undersigned of any liability attached to him therefrom. Because application of ICE procedure must be deemed to apply to a particular federal jurisdiciton only if not impermissibly exercise without constitutional and judicial authority.

Please understand that I have had no dealing with the United States District Court nor consented to suretyship for the aforementioned *ens legis*; therefore this is my good faith effort at private remedy for full disclosure and due process notice of your cause of action. Accordingly, I remain;

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

Rafael Daniel De-La Cruz-Jimenez
sui juris/Secured Party
In behalf of RAFAEL DANIEL DE LA CRUZ JIMENEZ
Register. no. [56269-004]
U.S.P. CANAAN
WAYMART, near [18472]
Pennsylvaina

In special visitiation
propria persona

**AFFIDAVIT OF** Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania          )
County of Wanye               )

On _____27ᵗʰ_____ day of, _December 2006_ Rafael Daniel De La Cruz-Jimenez personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1.  My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _December 27, 2006_ [date]
at_____

[Notary's seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

_Erin Richardson_ [notary's signature]
_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_.
My commission expires
_10/19/08_ [date].

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.21 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 5.46 |

Postmark Here

Dec 27, 2006

Sent To   P. Garcia, ICE Agent (Krome SPC)
Street, Apt. No.; or PO Box No.   18201 SW 12th Street
City, State, ZIP+4   Miami, Florida, 33194

PS Form 3800, June 2002            See Reverse for Instructions

7003 2260 0005 6520 8712

---

7003 2260 0005 6520 8712

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery   01/03/07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail        ☐ Express Mail
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)        7003 2260 0005 6520 8712   2

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
                    ICE
Inquire in the nature of
quo warranto

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Received on 1/8/7

December 27, 2006

B093

Certified Mail No. 7003 2260 0005 6520 8743    *Exhibit D*

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Register No.[562669-004]
U.S.P. CANAAN
P.O. BOX [300]
WAYMART, near [18472]
Pennsylvania

In special visitation
propria persona

January 4, 2007


**To:** P. Garcia, ICE Agent
     Krome SPC
     18201 SW 12th Street
     Miami, Florida 33194
     (305) 552-2845


Re:  # Notice of Fault and Opportunity to Cure

Dear ICE Agent Garcia

     On <u>December 27, 2006</u> the Undersigned caused to be
served on you an Inquiry in the nature of Quo Warranto for a determination of
whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL
DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim
the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured
Party, into custody in the future and ask the Warehouseman to hold a petitioner for
that purpose.

     You have refused or failed to answer that Inquiry in disclosing
your lawful cause to stigmatize and subject the Undersigned to punitive
detainment, and duty to provide due process.This is your failure or
continued refusal to provide the clear mandatory duty corresponding to
exercise of my right to due process will result in a certificate of
default isuing that is legal evidence of your unlawful acts against me
and resulty tort.

                                                    **07 1654**

     Please be informed you have ten(10) days to provide your clear
mandatory duty corresponding to my right exercise with the aforesaid
Inquiry in the nature of Quo Warranto; failure or refusal will result

                                                    **FILED**

**Notice of Fault and Notice to Cure        1 of 2**

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

in default, and certificate of default in accordance with these
notice and affidavit herein.


Thanking you in advance for your service.




Sincerely,

Rafael Daniel De La Cruz Jimenez®
Secured Party/Creditor.

**AFFIDAVIT OF** Rafael Daniel De La Cruz-Jimenez

State of Pennsylvania )
County of Wanye )

On _Febuary_ day of, _15_ _2007_ Rafael Daniel De La Cruz-Jimenez, personally appeared before me, the Notary Public whose signature appears below. Rafael Daniel De La Cruz-Jimenez submitted the following under affirmation:

1. My name is Rafael Daniel De La Cruz-Jimenez. I am over 18 years of age and I am personally familiar with the facts stated in this:

**Writ of Inquiry in the nature of Quo Warranto for a determination of whether ICE detainer issued as letter of interest against *ens legis* RAFAEL DANIEL DE LA CRUZ JIMENEZ or a demand made by ICE upon detainer warrant that claim the right to take *natural person* Rafael Daniel De La Cruz-Jimenez, sui juris/Secured Party, into custody in the future and ask the Warehouseman to hold a petitioner for that purpose.**

which is not submitted for purpose of fraud, injustice, delay, and if called to testify as a witness is this matter, I could and would competently testify to the facts set out in this affidavit.

SUBSCRIBED AND SWORN TO BEFORE ME on _February 15, 2007_ [date] at_____

[Notary's seal]

_Erin Richardson_ [notary's signature]

_Erin Richardson_ [typed name]
Notary Public in and for
the State of _Pennsylvania_.
My commission expires
_10/19/08_ [date].

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

Page 1 of 1

**U.S. Postal Service**
# CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

Rafael De La Cruz #56269-004 C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
P. Garcia,ICE Agent(Krome SPC)
Street, Apt. No.; or PO Box No.
18201 SW 12th Street
City, State, ZIP+4
Miami, Florida 33194

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0005 6520 8743

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)          7003 2260 0005 6520 8743

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Notice of Fault an

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz Jimenez
Reg.No.[56269-004], C-2
U.S.P. Canaan
P.O. Box 300
Waymart,PA 18472

February 8, 2007

Notice of fault and opportunity to cure

CERTIFIED MAIL No. 06 0100 0004 3742 8929

Rafael Daniel De La Cruz-Jimenez, Secured Party
sui juris/ Secured Party
in behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Reg.No. [56269-004]
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ


P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194                    Exhibit E
(305) 552-2845


February 8, 2007


## NOTICE OF DEFAULT AND ASSENT, DEMAND,
## and NOTICE OF ESTOPPEL

____day of the _____month, in the year two thousand and seven,
ano Domini.

**RE: Inquiry in the nature of Quo Warranto for determination of
whether ICE detainer issued.**

---

## NOTICE OF DEFAULT

On the 18th day of the December month, in the year of our Lord two
thousand and six you received from Rafael Daniel De La Cruz-Jimenez,
presenter, an **Inquiry in the nature of Quo Warranto for determina-
tion of whether ICE detainer issued.** Respondent did not invoked the
Fixth and Sixth Amendment's of the Constitution for the United Sta-
tes of America. However, Respondent is under a clear and mandatory
duty to provide full desclosare of any arost detainer or other acu-
sation against me or my property. **See** also; Public Law Rep. No. 91-
1018, p 2 (1970); S: Rep. No. 91-13j6, p 2 (1970)  and  U.C.C. 1-
103.6, as administrative demands were made, with **NOTICE, DEMAND
AND CAVEAT, PRIOR TO RESPONSE.** See attachements.

DEMAND was respectfully made to the named individual(s) P. Garcia,
ICE Agent, to provide DISCLOSURE regarding his/her actions. **07 1654
FILED**

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 of 2

Said named individual(s) **FAILED TO RESPOND** and/or **FAILED** to provide **ANY** information or disclosure documents required by **LAW,** and demanded by the respondents notice and questions.

By failure to do so, **NOW** and **FOREVER** each Respondent and their offices have yield to **ESTOPPEL.**, Waiver, Fraud, etc., under U.C.C. 1-103, 1-103.6 nemo debt bis vexari pro una et eadem Causa, and such willful refusal may subject each Respondent to Civil Liabilities or Criminal punishment.

**EACH RESPONDENT IS NOTICE AND DEMAND:** To disit and refrain from taking any further action in the above referenced matter without liability therefore (cf. liability for personal damages, **Pulliam v. Allen, 104 set.1970, 1979)** except to restore the Secured Party to his/her former status, and that I have secured rights, privileges, privacy and immunities and each is so protected is valued at no less than One Million Dollars each, DEMAND IS FURTHER MADE to all governmental officials to protect me, and mine in my peaceful exercise or enyoyment of my rights, privileges, privacy, immunuties, etc., (cf. Title 18 USC 241 142; Title 41 USC, 1983, **Bivins v. US Officials and Agents,** 403 US 388 (1971), Dykes v. Hosemann, 743 F2d 1488, (11 CA Dec. 1984).

**NOTICE OF LIEN:** Violation and/or invasion of any above denominated rights per violative, shall act as a lien upon the nonexempt property of each presentee as follows: Nonexempt household goods; and real estate; and future earnings; and other personal property.

**VERIFICATION:** I verify that a true copy of this Notice of Default, and Demand, was duly served upon the before named individual at the offices before stated via CERTIFIED MAIL RETURN RECEIPT No. 7006 0100 0004 3742 8929 , and that I am competent to testify in the matters herein stated; that I have personal knowledge of all of the facts which relate to this service and the above named response on the record; that the allegations stated herein are true and correct in entirety to be best of my Knowledge, belief and upon information, under penalty of perjury.

Sealed this 13ᵗʰ day of the March month, in the Year of Our Lord Two thousand and seven.

Affiant: Rafael Daniel De La Cruz-Jimenez invoking U.C.C. 1-308 Without Prejudice.

SUBSCRIBED AND SWORN TO BE BEFORE ME ON 3-13-07 [date]
At_____

[Notary's Seal]                    Erin Richardson        [notary' signature]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

Erin Richardson      [typed named]

Notary Public in and for the State of Pennsylvania

My commision expires 10-19-08 [date].

**U.S. Postal Service**
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

Rafael D. De la Cruz #56269-004, C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

March 13, 07

Sent To **P. Garcia, ICE Agent**
Street, Apt. No.; or PO Box No. **Krome SPC, 18201 SW 12th St,**
City, State, ZIP+4 **Miami, Florida 33194**

PS Form 3800, June 2002                    See Reverse for Instructions

CERTIFIED MAIL™
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 0100 0004 3742 8929

---

7006 0100 0004 3742 8929

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (*Printed Name*)    C. Date of Delivery

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street,
Miami, Florida 33194

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)    7006 0100 0004 3742 8929

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

## NOTICE OF FAULT AND ASSENT DEMAND, and NOTICE OF ESTOPPEL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez
Reg.No.[56269-004], C-2
United States Penitentiary Canaan/CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ   TRADE-NAME

March 13, 2007

7006 0100 0004 3742 9049

From: Rafael Daniel De La Cruz-Jimenez®
      sui juris, Secured Party
      In bahalf of: RAFAEL DANIEL DE LA CRUZ JIMENEZ®
      Reg.No. [56269-004]
      United States Penitentiary Canaan, CCA
      In care of: Post Office Box [300]
      Waymart, near [18472] Pennsylvania
      RAFAEL DANIEL DE LA CRUZ JIMENEZ® TRADE-NAME

  To: P. Garcia, ICE Agent
      Krome SPC
      18201 SW 12th Street
      Miami, Florida 33194
      (305) 552-2845

Exhibit E

    April 16, 2007

## CERTIFICATE OF DEFAULT

_____day of the_____month, in the year two thousand and seven,
ano Domini.

## CERTIFICATE OF DEFAULT

It is hereby certified that on this February 8, 2007, that P. Garcia,

ICE Agent, Krome SPC, the above address, having received on

December 18, 2006, a "Writ of Inquiry in the nature of Quo Warranto

for a determination of whether ICE detainer issued as letter of

interest against ens legis RAFAEL DANIEL DE LA CRUZ JIMENEZ or a

demand made by ICE upon detainer warrant that claim the right to

take natural person Rafael Daniel De La Cruz-Jimenez, sui juris,

Secured Party, into custody in the future and ask the Warehouseman

to hold a petitioner for that purpose. By certified mail, to wit:

return receipt #7003 2260 0005 6520 8712, and obligated under a

clear mandatory purely ministerial duty owe the undersigned as his



right to substantive due process exercised evidenced via service of the aforesaid **Writ of Inquiry**; accordingly, having been noticed of this **Fault**, and given an Opportunity to Cure, to wit: "**Notice of Fault and Opportunity Cure**" serviced via certified mail on **February 26, 2007**, return receipt # 7003 2260 0005 6520 8743, and having by indefference and/or refused failed to Cure said Fault; this Certificate of Default issue as legal evidence sustaining your **Tacit Aggreement** and **Aggreed in** to "**Notice of Default and Assent, Demand, and Notice of Estoppel**" served on P. Garcia, ICE Agent, Krome SPC, to address above, by certified mail served March 19, 2007,  to wit: via return receipt # 7006 0100 0004 3742 8929.

VERIFICATION: I verify that a true copy of this Certificate of Default, was duly served upon the before named individual at the offices before stated via CERTIFIED MAIL AND RETURN RECEIPT No. 7006 0100 0004 3742 9049      , and that I am competent to testify in the matters herein stated; that I have personal knowledge of all of the facts which relate to this service and the above named response on the record; that the allegations stated herein are true and correct in entirety to be best of my knowledge, belief and upon information, under penalty of perjury.

Sealed this 17th day of the April month, in the Year of Our Lord Two thousand and seven.

Affiant: _Rafael David Albuquerque_ , invoking U.C.C. 1-308 Without Prejudice.

SUBSCRIBED AND SWORN TO BE BERORE ME ON April 17, 2007 [date] At_____

[Notary's Seal]

_Erin Richardson_ [notary's Signature]

_Erin Richardson_ [typed named]

Notary Public in, and for the State of _Pennsylvania_

my commission expires 10-19-08  [date]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erin Richardson, Notary Public
Canaan Twp., Wayne County
My Commission Expires Oct. 19, 2008
Member, Pennsylvania Association of Notaries

**U.S. Postal Service**
# CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Rafael De La Cruz, #56269-004, C-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

April 16, 07

Sent To
P.Garcia, ICE Agent(Krome SPC)
Street, Apt. No.; or PO Box No. 18201 SW 12th Street
City, State, ZIP+4 Miami, Florida 33194

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0004 3742 9049

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

P. Garcia, ICE Agent
Krome SPC
18201 SW 12th Street
Miami, Florida 33194

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7006 0100 0004 3742 9049

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Certificate of Default
April 16, 2006 for Detainer

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rafael Daniel De La Cruz-Jimenez®
Reg.No. [56269-004], C-2
United States Penitentiary Canaan, CCA
In care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania
RAFAEL DANIEL DE LA CRUZ JIMENEZ®

April 16, 2007

Rafael Daniel De La Cruz-Jimenez
sui juris/Secured Party
In behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Register No.[56269-004]
United States Penitentiary Canaan
in care of: Post Office Box [300]
Waymart, near [18472] Pennsylvania

Exhibit F

Cameron Lindsay, Warden
United States Penitentiary Canaan
P.O. Box [400]
Waymart, near [18472] Pennsylvania

March 5, 2007

Re: **Proof of Claim**

Dear Warden:

The Undersigned is aggrieved by the Unit Team for C-2 Dorm-
thereby denied access to the court for my freedom and liberty. Said
Unit Team is willfully or intentionally refusing to mantain accura-
te files, to wit: a bald assertion that there is a detainer lodge
against me; when at fact no detainer have been served on me. for
result:

1) Being denied access to the courts to exercise my right to cha-
llenge said detainer for denied of due process.

The facts of this matter are as follows:

1) During the month of **November Unit Team Member, DeRoberto** responded
to a Cop-out, I filed seeking any and all restrained upon me written
Bureau of Prison records mantained by Unit Team. and stated there is
a **"Detainer lodged against [me]".** See " Cop- out" [Immate Request to
Staff] attached hereto as **Exhibit A** and incorporated herein by refe-
rence.

2) I've recently learned that an "Operation Memorandun" supported my
**"Sellers"** argument in aforesaid Cop-out. **See Operations Memorandum**
attached hereto as **Exhibit B** and incorporated fully herein by refere-
nce.

3) I therefore, respectfully ask you to order Unit Team to produce
**Proof of Claim** that detainer is lodged against me "by which [I] may
demand the speedy disposition of charges pending against [me] in
another jurisdiction as is my due process right in right to acce
to the court for remedy at laws. Pursuant to the Supreme Court

07 1654

FILED

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLE

**U.S. v. Mauro.** 56 LED 2D 329, 436 US 340. Attached in pertinent part as **Exhibit C**, and incorporates the intire opinion herein by reference, if there is not a detainer written the meaning Interstate Agreement on Detainer, I wish it removed from my record, status and all limitation on my right to challenge in court any legal actions of another jurisdiction now against me. See: **Mauro, At Exhibit C.**

cc: Service of Copies by U.S.P. Canaan Internal Mail Procedure to the following:

Wagner, Unit Manager, C-2
DeRoberto, Case Manager, C-2
MckDonald, Counselor, C-2

file.

Sincerely,

Rafael Daniel De La Cruz-Jimenez⊛
Secured Party /Creditor.

## AFFIDAVIT

    I, the Undersigned herein, Rafael Daniel De La Cruz-Jimenez do herewith daclare under the penalty of perjury that the aforegoing **Proof of Claim** is true and correct to the best of my knowdge I believe and is not made for purpose of fraud, delay or injustice.

Rafael Daniel De La Cruz-Jimenez®
Secured Party/Aggrieved Party

3/5/07

1 of 1

xhibit C

56 LED2D / 56 LED2D 329, 436 US 340  UNITED STATES v MAURO / HEADNOTES

## Classified to U.S. Supreme Court Digest, Lawyers' Edition

### Extradition § 25 - Interstate Agreement on Detainers - necessity of "detainer" and "request"

1. The provisions of the Interstate Agreement on Detainers (see 18 USCS App)-which Agreement prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-are triggered only when a "detainer" is filed with the custodial state by another state having untried charges pending against the prisoner; to obtain temporary custody, the receiving state must also file an appropriate "request" with the sending state.

### Extradition § 25 - Interstate Agreement on Detainers - federal writ of habeas corpus ad prosequendum as "detainer"

2a, 2b, 2c. A writ of habeas corpus ad prosequendum, issued by a federal court to state prison authorities, directing the production of a state prisoner for trial <*pg. 332> on federal criminal charges, is not a "detainer" within the meaning of the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a "detainer" and a "request" for temporary custody-and does not trigger the application of the Agreement: thus, federal indictments against state prisoners whose presence for arraignment in a federal court was secured under writs of habeas corpus ad prosequendum should not be dismissed even though the prisoners were returned to state prison to await their federal trials, since the Agreement's requirement that a prisoner must be tried in the receiving state before being returned to the sending state is not applicable.

### Extradition § 25 - Interstate Agreement on Detainers - writ of habeas corpus ad prosequendum as "request" for custody

3a, 3b, 3c. Under the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a "detainer" and a "request" for temporary custody-the United States is bound by the Agreement when it activates its provisions by filing a detainer against a state prisoner and then obtains his custody by means of a writ of habeas corpus ad prosequendum issued to state prison authorities for the production of the state prisoner for trial on federal criminal charges, the writ constituting a "written request for temporary custody" within the meaning of the Agreement; thus, under the Agreement's requirement that trial must be

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

commenced within 120 days of the prisoner's arrival in the receiving state, a federal indictment must be dismissed where after the United States filed a detainer with state prison authorities, after the prisoner requested a speedy trial on the federal charge, and after the prisoner was produced for arraignment before the Federal District Court pursuant to a writ of habeas corpus ad prosequendum issued by the District Court, the federal trial was postponed on several occasions, either at the government's request or on the court's own initiative, until approximately 17 months after the prisoner's arraignment. (Rehnquist, J., and Burger, Ch. J., dissented from this holding.)

## Extradition § 25 - Interstate Agreement on Detainers - purpose

4. The purpose of the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-is to encourage the expeditious disposition of charges outstanding against a prisoner and to provide cooperative procedures among member states to facilitate such disposition, charges outstanding against prisoners producing uncertainties that obstruct programs of prisoner treatment and rehabilitation.

## Extradition § 25; Statutes § 154, 158.8 - Interstate Agreement on Detainers - United States as member

5a, 5b, 5c. Under the Interstate Agreement on Detainers Act (18 USCS App) by which the United States joined as a party to the Interstate Agreement on Detainers-which Agreement prescribes procedures by which a member state may obtain for trial a prisoner incarcerated in another member jurisdiction, and by which a prisoner may demand the speedy disposition of charges pending against him in another jurisdiction-the United States is a party to the Agreement as both a "sending" and a "receiving" state, not just as a "sending" state; although the United States already had the writ of habeas corpus ad prosequendum as an efficient means of obtaining prisoners, nevertheless Congress enacted the Agreement into law in its entirety <*pg. 333> and placed no qualification upon the United States' membership, and neither the Justice Department's contrary administrative opinion nor a statement of a subsequent Congress in a draft committee report concerning a bill that was never enacted warrants departure from the clear wording of the Agreement; the subsequent enactment of the Speedy Trial Act (18 USCS §§ 3161 et seq.) is not inconsistent with the United States' status as a receiving state under the Agreement, since in situations where two different sets of time limitations are prescribed, the more stringent limitation may simply be applied.

## Extradition § 25; Habeas Corpus § 7 - Interstate Agreement on Detainers - writ of habeas corpus ad prosequendum

6. Unlike a writ of habeas corpus ad prosequendum issued by a Federal District Court to secure the presence, for purposes of trial, of defendants in federal criminal cases, including

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

defendants then in state custody, a detainer-under the Interstate Agreement on Detainers (see 18 USCS App)-may be lodged against a prisoner on the initiative of a prosecutor or law enforcement officer; rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison, and further action must be taken by the receiving state in order to obtain the prisoner.

**Criminal Law § 48 - right to speedy trial**

7. A prosecuting authority is not relieved of its obligation to provide a defendant a speedy trial just because he is in custody elsewhere.

**Extradition § 25 - Interstate Agreement on Detainers - rights of sending state**

8. With regard to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a detainer and a request for temporary custody-the provisions of Article IV(a) of the Agreement fixing a 30-day waiting period after the request is presented during which the governor of the sending state may disapprove the receiving state's request, do not expand, but merely preserve, previously existing rights of the sending state, and thus if a state never had authority to dishonor a federal court's writ of habeas corpus ad prosequendum issued for the production of a state prisoner for trial on federal criminal charges, Article IV(a) does not provide such authority.

**Extradition § 25 - Interstate Agreement on Detainers - timeliness of trial**

9. With regard to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by filing a detainer and a request for temporary custody-Article IV(c) of the Agreement, which provides that trial must be commenced within 120 days of the prisoner's arrival in the receiving state, requires commencement of trial within 120 days whenever the receiving state initiates the disposition of charges underlying a detainer it has previously lodged against a prisoner, including, in the case of the federal government, initiation of proceedings by the use of a writ of habeas corpus ad prosequendum to secure custody of a state prisoner against whom a detainer was previously filed.

**Extradition § 25; Habeas Corpus § 7 - Interstate Agreement on Detainers - United States as party**

10a, 10b. Although the United States is a party to the Interstate Agreement on Detainers (see 18 USCS App)-which prescribes procedures by which a member state (including the United States) may obtain for trial a prisoner incarcerated in another member jurisdiction by <*pg. 334> filing a detainer and a request for temporary custody-nevertheless the United States need not

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

proceed by way of the Agreement but may, instead, obtain a state prisoner by means of a writ of habeas corpus ad prosequendum without ever filing a detainer, in which case the Agreement is inapplicable; it is only when the United States files a detainer that it becomes bound by the Agreement's provisions.

## Extradition § 25 - Interstate Agreement on Detainers - right to speedy trial in receiving jurisdiction - waiver

11. In a state prisoner's federal criminal trial which, because of postponements granted at the government's request or on the court's own initiative, did not commence until approximately 17 months after the prisoner's arraignment in the federal court-the federal government having secured the prisoner's presence for arraignment by a writ of habeas corpus ad prosequendum issued after the government had filed a detainer with state prison authorities under the Interstate Agreement on Detainers (see 18 USCS App)-the prisoner does not waive his claim that the government violated the Agreement's requirement that trial must be commenced within 120 days of the prisoner's arrival in the receiving jurisdiction, where even though the prisoner had not invoked the Agreement in specific terms in his speedy trial motions before the federal court, nevertheless he had persistently requested that he be given a speedy trial and had sought the dismissal of his federal indictment on the ground that the delay in bringing him to trial while the detainer remained lodged against him was causing him to be denied certain privileges at the state prison (the prisoner, at his own request, having been returned to the state prison to await his federal trial).

56 LED2D / 56 LED2D 329, 436 US 340  UNITED STATES v MAURO / SYLLABUS

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

---

Post Office Box 400
Waymart, Pennsylvania 18472

March 19, 2007

Exhibit F.1

Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Mr. De La Cruz-Jiminez:

This is in response to your letter dated March 5, 2007. You claim you are being denied access to the court, and your Unit Team is refusing to maintain accurate files. You assert this by stating you have never been served paperwork regarding a detainer lodged by Immigration and Customs Enforcement (ICE). You are demanding speedy disposition of charges pending against you.

A copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. It states that an investigation has been initiated to determine whether you are subject to removal from the United States. Program Statement 5800.14, *Inmate Systems Management Manual*, states that an IAD, or Interstate Agreement on Detainers Act is "a statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer." The IAD does not apply to civil deportation proceedings by ICE.

Sincerely,

Cameron Lindsay
Warden

Exhibit F.2

Rafael Daniel De La Cruz-Jimenez®
sui juris,'Secured Party
In behalf of: **RAFAEL DANIEL DE LA CRUZ JIMENEZ**
Reg.No. [56269-004]
United States Penitentiary Canaan,'CCA
In care of: post Office Box [300]
Waymart, near [18472] Pennsylvania


Ronnie R. Holt, Warden of USP Canaan,'CCA
United States Penitentiary Canaan
P.O. Box [400]
Waymart, near [18472] Pennsylvania


May 14, 2007

Re: <u>An Immigration Detainer-Notice of Action ("IDNA")</u>


Dear Warden Holt:


     Welcome to your new wardenship here at U.S.P. Cannan,'CCA. I'm
writting to ask you reverse a determination by your predecesor
holding that the above cited "IDNA" is a detainer against me.
If you will review the records you will find from my petitioning
that it showed be removed. Enclosed is a copy of your predecesor's
response.

     Thank you; again I bid you welcome.




                              Respectfully,


                              Rafael Daniel De La Cruz-Jimenez®
                              Secured Party,'Creditor



                    1 of 2

## CERTIFICATE SERVICE

I, Rafael Daniel De La Cruz-Jimenez® do certify under the penalty of perjury that on this _14th_ day of _May, 2007_, the original of letter to the Warden Ronnie R. Holt was mailed as legal mail address to said Warden at: United States Penitentiary Canaan/CCA, Post Office Box [400], Waymart, near [18472] Pennsylvania. Postage prepaid.


Rafael Daniel De La Cruz-Jimenez®
Secured Party/Creditor

2 of 2



U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

*Post Office Box 400*
*Waymart, Pennsylvania 18472*

March 19, 2007

Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Mr. De La Cruz-Jiminez:

This is in response to your letter dated March 5, 2007. You claim you are being denied access to the court, and your Unit Team is refusing to maintain accurate files. You assert this by stating you have never been served paperwork regarding a detainer lodged by Immigration and Customs Enforcement (ICE). You are demanding speedy disposition of charges pending against you.

A copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. It states that an investigation has been initiated to determine whether you are subject to removal from the United States. Program Statement 5800.14, *Inmate Systems Management Manual*, states that an IAD, or Interstate Agreement on Detainers Act is "a statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer." The IAD does not apply to civil deportation proceedings by ICE.

Sincerely,

Cameron Lindsay
Warden



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary Canaan*

---

Post Office Box 400
Waymart, Pennsylvania 18472

May 24, 2007

Rafael De La Cruz-Jimenez
Register Number 56269-004
USP Canaan
P.O. Box 300
Waymart, PA 18472

Dear Mr. De La Cruz-Jimenez:

This is in response to your letter dated May 14, 2007. You claim a response regarding a detainer lodged by Immigration and Customs Enforcement (ICE) is incorrect.

As previously stated, a copy of the Immigration Detainer-Notice of Action was provided to you by your Case Manager. The detainer was lodged on August 7, 2002, by ICE. This notice states that an investigation has been initiated to determine whether you are subject to removal from the United States. We have not received any new information from this agency. If you wish to write to ICE, your Case Manager can provide you with the address.

Sincerely,

Ronnie R. Holt
Warden